```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF OKLAHOMA

DEWAYNE HOWARD GILREATH,       )
                               )
            Plaintiff,         )
                               )
                               )  Case No. CIV-21-145-KEW
                               )
COMMISSIONER OF THE SOCIAL     )
SECURITY ADMINISTRATION,       )
                               )
            Defendant.         )
```

## OPINION AND ORDER

Plaintiff Dewayne Howard Gilreath (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for disability benefits under the Social Security Act. The Claimant appeals the Commissioner's decision, asserting that the Administrative Law Judge ("ALJ") incorrectly determined he was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

### Claimant's Background

The Claimant was forty-nine (49) years old at the time of the ALJ's decision. He has a high school education and has worked in the past as a welder and carpenter. The Claimant alleges that his inability to work began on April 4, 2009. He claims his inability to work stems from lumbar degenerative disc disease, status post decompression and fusion, status post hardware removal.

1

**Procedural History**

On October 5, 2016, the Claimant applied for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) of the Social Security Act. On May 10, 2017, he also applied for supplemental security income benefits under Title XVI (42 U.S.C. § 1381, et seq.) of the Social Security Act. The Claimant's applications were initially denied and were denied on reconsideration. These applications were partially denied by an ALJ on May 8, 2018.[1] This decision was then appealed to this Court. The decision was ultimately remanded with an Order from the Appeals Council which affirmed that the Claimant was disabled as of May 10, 2017, for the purposes of supplemental security income. The Appeals Council then remanded the case to an ALJ to determine whether the Claimant was disabled prior to December 31, 2017, the date last insured, for purposes of disability insurance benefits. The Appeals Council instructed the ALJ to further consider and evaluate the Claimant's back impairment, as well as his mental impairments prior to December 31, 2012.

On remand, the case was referred to ALJ B.D. Crutchfield. ALJ Crutchfield held an administrative hearing on November 2, 2020. The hearing was held telephonically due to COVID-19. On January

---

[1] The ALJ determined that the Claimant was disabled as of May 10, 2017, for the purposes of his Title XVI claim for supplemental social security income. The ALJ also determined that he was not disabled for the purposes of his Title II claim.

2

13, 2021, the ALJ entered an unfavorable decision as to Claimant's eligibility for Social Security Disability benefits under Title II. The Claimant declined to file exceptions to the ALJ's decision. As a result, the September 2020 decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ followed the five-step sequential process that the social security regulations use to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2] At step two, the ALJ found that the Claimant had the following severe impairments through the date last insured: lumbar degenerative disc disease, status post decompression and fusion, status post hardware removal. (Tr. 484). At step four, the ALJ determined that the Claimant had the residual

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

functional capacity ("RFC") "to perform light work as defined in 20 CFR 404.1567(b)" through the date last insured. (Tr. 486).

The ALJ then concluded that this RFC would not have allowed the Claimant to return to his past relevant work through the date last insured. (Tr. 490). The ALJ then proceeded to step five and found that through the date last insured, when considering claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the Claimant could have performed. (Tr. 491). Thus, the ALJ found that the Claimant had not been under a disability at any time from April 4, 2009, to December 31, 2012, the date last insured. (Tr. 491).

### Errors Alleged for Review

The Claimant asserts that the ALJ erred in two ways. He first contends that the ALJ failed to fully develop the record because she failed to consult a medical advisor to determine the onset date of the Claimant's impairments. He also believes that the ALJ applied the incorrect burden of proof in this case.

### Social Security Law and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of

4

such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A).

Judicial review of the Commissioner's final determination is limited to two inquiries: first, whether the correct legal standards were applied; and second, whether the decision was supported by substantial evidence. *Noreja v. Comm'r, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means — and means only — 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) *(*quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01. The Commissioner's decision will stand, even if a court might have reached a different conclusion, as long as it is supported by substantial evidence. *White v. Barnhart*, 287 F.3d

903, 908 (10th Cir. 2002).

## Development of the Record

First, the Claimant argues that the ALJ failed to fully develop the record. Specifically, he contends that the ALJ should have consulted a medical advisor to infer the onset date of the Claimant's impairments. The Commissioner asserts that the ALJ did exactly what she should have, which was determine whether the Claimant was disabled prior to the date he was last insured for the purposes of disability insurance benefits. The Commissioner believes there was sufficient evidence in the record to make this decision and therefore a medical advisor was unnecessary. For the reasons outlined below, the Court agrees with the Commissioner.

First, the ALJ did not need to infer when the Claimant first met the statutory definition of disability. Social Security Ruling 83-20, 1983 WL 31249, was rescinded by Social Security Ruling 18-01P, 2018 WL 4945639, on October 2, 2018. Social Security Ruling 18-01P, issued to clarify the former ruling, dictates that "an [ALJ] may, but is not required to, call upon the services of a medical expert (ME) to assist with inferring the date that the claimant first met the statutory definition of disability." Soc. Sec. Rul. 18-10P, at *2. This is applicable when the established onset date (EOD) is at issue. The EOD must only be determined if the Claimant is found to meet the definition of disability during the period covered by his application. In this case, there has not

been a finding of disability for the purposes of the Claimant's disability insurance benefits. Further, the disability date for his Tile XVI application is May 10, 2017, which is outside the time period in question here. Therefore, the ALJ need not infer the date that the Claimant met the definition of a disability. He need only determine whether the Claimant was disabled as of his last insured date, which was December 31, 2012.

Second, there was no requirement that the ALJ obtain additional evidence in this case. It undisputed by both parties that the ALJ has broad latitude in seeking opinions of medical experts. In this case, the ALJ did submit interrogatories to two medical advisors, Dr. George Lazar, Ph.D. and Dr. Don Clark, M.D. They both then provided opinions regarding the Claimant's limitations from April 9, 20009 through May 9, 2017. (Tr. 698-707, 743-62). These interrogatories were offered to the Claimant, and he was offered the chance to comment on the options, submit written questions, or request a supplemental hearing to question the doctors. (Tr. 709-10). But there is no indication that he took advantage of said opportunities. If the Claimant felt there was an issue with these opinions that required further development, he should have made a request at the hearing for more expert testimony or responded to one of the opportunities offered to him by the ALJ.  *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997) ("[I]n a counseled case, the ALJ may ordinarily require counsel to

identify the issue or issues requiring further development."). There was no error by the ALJ for failure to develop the record.

### Burden of Proof

The Claimant also asserts that the ALJ applied the incorrect burden of proof in this case. He believes that since the Commissioner found him disabled starting May 17, 2017, for the purposes of his Title XVI claim for supplemental social security, that the burden is now on the Commissioner to prove the specific date that the Claimant was not disabled. This assertion relies on *Miller v. Chater,* 99 F.3d 972 (10th Cir. 1996). The Claimant believes that this case is "strikingly similar" to *Miller* and that like in *Miller*, this Court should shift the burden to the Commissioner. But this contention misreads the holding in *Miller*.

The claimant in *Miller* applied for both Title II disability insurance benefits ("DIB") and Title XVI supplemental security income ("SSI") benefits. 99 F.3d at 975. He was found disabled as of the date he filed his SSI application but not disabled prior to that date, which rendered him ineligible for DIB benefits. *Id*. But in *Miller*, the claimant had already established that he could not perform his past work at step four. *Id*. at 976. Therefore, the ALJ decided the case at step five, which at that step the burden does shift to the Commissioner to show that the claimant retained an RFC to perform other work in the national economy. *Id*. at 976. The Tenth Circuit reversed the ALJ's decision, holding the ALJ had

8

used an incorrect legal framework by stating at step five that the "evidence is insufficient to establish that the claimant was under a disability on or before" the date last insured. *Id*. In rejecting the ALJ's finding, the Tenth Circuit held that the absence of conclusive medical evidence cannot meet the Commissioner's step-five burden, because reliance on the insufficiency of medical evidence effectively shifts the burden back to the claimant. *Id*. Instead, the ALJ should have examined whether the evidence was sufficient for the Commissioner to show the claimant could perform other work. *Id*.

The Claimant's reading of *Miller* misconstrues the holding. *Miller* did not hold that if a claimant was found disabled at any time, the burden of proof for every step of the analysis shifts to the Commissioner to prove the Claimant was not disabled. In fact, *Miller* even says that "in order to receive benefits, the claimant must establish his disability prior to the expiration of his insured status." *Id*. at 975. *Miller* simply follows the same five-step sequential process that is followed in every other social security case and utilizes the usual burdens. Meaning that the Claimant bears the burden to show he was disabled during the period of claimed disability at steps one through four, then the burden shifts to the Commissioner at step five to show that the Claimant retains the RFC to do other work that exists in the national economy. *See Id.* at 975 ("Once a claimant has demonstrated, as Mr.

9

Miller has here, that he cannot perform his past work because of his disability, 'the burden shifts to the Secretary to show that the claimant retains the residual functional capacity (RFC) to do other work that exists in the national economy.'") (quoting *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993)); 20 C.F.R. § 416.912(a) ("In general, you have to prove to us that you are ... disabled"); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987) ("[T]he Secretary is required to bear [the burden of proof] only if the sequential evaluation process proceeds to the fifth step.... It is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so.").

Since *Miller* does not hold that the burden shifts at any point before step five, like the Claimant suggests, the burden was on the Claimant to show that he was disabled before his insured statue expired. Because the ALJ's duty to develop the record was not triggered and the burden of proof did not shift, the Claimant fails to allege any error that would require remand. Therefore, the decision of the ALJ must be affirmed.

### Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security

Administration should be and is **AFFIRMED**.

IT IS SO ORDERED this 31st Day of March, 2023

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

11